# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM WALTERS,<br># M21369,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN R. BALDWIN,<br>KEVIN KINK, and<br>MICHAEL D. CLARK,<br><br>    Defendants. | Case No. 19-cv-00631-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tom Walters, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks monetary damages and injunctive relief.

On July 26, 2019, prior to the Court conducting a merit review pursuant to 28 U.S.C. § 1915A, Plaintiff filed an Amended Complaint. (Doc. 13; *see* FED. R. CIV. P. 15(a)(1)). The Court must now review the Amended Complaint pursuant to Section 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## THE COMPLAINT

In the Amended Complaint, Plaintiff alleges that IDOC is retaliating against him because he is homosexual. (Doc. 13, p. 6). He has filed a grievance, but has not received a response, other than confirmation that the grievance has been received. He also claims that he has been harassed for months because he filed a lawsuit. As part of the harassment and retaliation for filing this lawsuit, he alleges mail tampering. *Id.* at pp. 6, 8. He claims that the harassment is being conducted by the prison's employees and the inmates.

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the claims in this case into the following four Counts:

**Count 1:** Fourteenth Amendment equal protection claim for discrimination against Plaintiff based on his sexual orientation.

**Count 2:** First Amendment claim of retaliation against Plaintiff for filing a lawsuit by harassing him and tampering with his mail.

**Count 3:** First and Fourteenth Amendment impeding access to courts claim by tampering with Plaintiff's mail.

**Count 4:** Fourteenth Amendment procedural due process claim for the failure to respond to Plaintiff's grievance.

**Count 5:** Eighth Amendment claim of harassment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

For the following reasons, the Court finds that Plaintiff's Amended Complaint, as currently drafted, fails to state a claim and must be dismissed.

First, Plaintiff identifies John Baldwin, Kevin Kink, and Michael Clark as defendants in the case caption, but he does not describe how they violated his constitutional rights. In fact, these individuals are not referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Absent any allegations describing what Baldwin, Kink, or Clark did or failed to do in violation of Plaintiff's constitutional rights, claims against these individuals cannot proceed and must be dismissed without prejudice for failure to state a claim.

Further, in the Amended Complaint, Plaintiff alleges that IDOC retaliated against him, but IDOC is not listed in the case caption. The Court will not treat individuals or entities not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Additionally, IDOC, as a state government agency, is generally immune from suit under Section 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of

Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Thus, any claims against IDOC are dismissed with prejudice.

In light of these deficiencies, Plaintiff's Amended Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Plaintiff must file a Second Amended Complaint describing ***how*** Baldwin, Kink, and Clark violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). He should explain what each defendant did or failed to do, in response.

### RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the test for recruiting counsel). According to the Motion, Plaintiff has not been able to find an attorney on his own because of retaliation and a lack of resources. He also states he is unable to represent himself because of a learning disability. (Doc. 3, p. 2). The Court finds that Plaintiff has provided no proof of rejections from counsel, and his ability to communicate has not precluded him from filing a complaint, an amended complaint, and several motions with the Court so the recruitment of counsel is premature. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should

give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

## MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

Because Plaintiff has been granted pauper status (Doc. 6) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot.

## MOTION FOR STATUS

Plaintiff filed a Motion for Status (Doc. 14) requesting an update on the status of his case. He also included in the Motion a request to be placed with the transgendered group, to be given "the pill," and to see a doctor. *Id.* at p. 1.

To the extent that the Motion requests a status update, such request is rendered **MOOT** by this order; the Motion is otherwise **DENIED** as an attempt to supplement the Amended Complaint**.** The Court does not accept piecemeal amendments. As Plaintiff will be granted leave to file an amended complaint, he should include all claims against all defendants in the Second Amended Complaint.

## DISPOSITION

**IT IS ORDERED** that the Amended Complaint (including Counts 1, 2, 3, 4, and 5) is **DISMISSED** without prejudice against **BALDWIN, KINK,** and **CLARK** for failure to state a claim for relief.

**IT IS FURTHER ORDERED** that Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice, Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as **MOOT**, and Motion for Status (Doc. 14) is **DENIED** in part as **MOOT** and **DENIED** in part without prejudice.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **September 20, 2019**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-00631-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 16, 2019**

                                                                                    _____
                                                                                    **NANCY J. ROSENSTENGEL**
                                                                                    **Chief U.S. District Judge**